# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv296

| | |
|---|---|
| RUSSELL L. McLEAN, IV, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>FEDERAL NATIONAL )<br>MORTGAGE ASSOCIATION, )<br>et al., )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's "Verified Complaint and Motion for Injunctive Relief" [Doc. 1]; Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2]; and Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction" [Doc. 3], filed on September 24, 2012. The Court will grant the Plaintiff's Application [Doc. 2] but will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff alleges that he is the lessee of certain property located in Arden, North Carolina. [Complaint, Doc. 1 at ¶ 3]. The Plaintiff's Complaint alleges that in July 2012, he received a notice from the Defendant Federal National Mortgage Association ("Fannie Mae"), advising him that the subject property had been foreclosed upon and that he had thirty (30) days to vacate the premises. [Id. at ¶ 6]. When the Plaintiff refused to leave the property, Fannie Mae commenced an ejectment proceeding in the Small Claims Division of the Buncombe County District Court. [Id. at ¶ 7]. The Plaintiff filed an answer in those proceedings, asserting defenses under federal law. [Id. at ¶ 8]. The Court ruled in favor of Fannie Mae and entered a judgment of summary ejectment. [Id. at ¶ 9]. The Plaintiff appealed to the Buncombe County District Court [Id. at ¶ 11], but the Plaintiff's appeal was unsuccessful and Fannie Mae obtained a writ of possession from the Buncombe County Clerk of Court on September 5, 2012 [Id. at ¶ 12].

The Plaintiff now brings this action, seeking a declaration that: (1) the North Carolina courts "have violated Federal law" in granting Fannie Mae a writ of possession [Id. at ¶ 14]; that the Plaintiff was "denied due process by the effectual denial of a proper forum in which he can raise a defense

2

Case 1:12-cv-00296-MR-DLH   Document 4   Filed 09/27/12   Page 2 of 6

regarding his Federally-protected status" [Id. at ¶¶ 5, 17]; and that the state statute governing appeals of summary ejectment orders, N.C. Gen. Stat. § 42-34, violates the Equal Protection Clause of the Fourteenth Amendment [Id. at ¶ 19]. The Plaintiff further seeks an "Ex Parte preliminary and permanent injunction barring dispossession until constitutional challenge and matters of Federal law can be heard." [Id. at 3, Prayer for Relief; Doc. 3].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In this action, the Plaintiff challenges the validity of a summary ejectment judgment entered by a North Carolina court. Under the Rooker-

Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486, 103 S.Ct. 1303). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court

4

decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir.2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff clearly seeks review of the state court order ejecting him from the subject property. Because the Plaintiff does not allege any injury independent of this state-court action, the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-

5

<u>Feldman</u> doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the Buncombe County District Court's summary ejectment order, he must do so in the state courts.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief [Docs. 1, 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Verified Complaint [Doc. 1] is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: September 26, 2012

Martin Reidinger
United States District Judge